IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PASTORI M. BALELE,

                 Plaintiff,

        v.

ANDREA OLMANSON, BOB CONNOR,
DEPARTMENT OF CORRECTIONS,
DEPARTMENT OF WORKFORCE
DEVELOPMENT, EDWARD F. WALL,
GARY HAMBLIN, J.B. VAN HOLLEN,
JACK LAWTON, JEAN NICHOLS,
JERRY SALVO, SCOTT WALKER,
STEPHEN A. HERJE, THOMAS PIERCE,
MARK GOTTLIEB, DEPARTMENT OF
TRANSPORTATION, DEPARTMENT
OF ADMINISTRATION, MIKE HUEBSCH,
CATHY STEPP, DEPARTMENT OF
HEALTH SERVICES, STEPHANIE
SMILEY and DEPARTMENT OF NATURAL
RESOURCES,

                 Defendants.

**OPINION AND ORDER**

13-cv-783-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Pastori Belele brought suit in state court against defendants Andrea

Olmanson, Bob Connor, Department of Corrections, Department of Workforce

Development, Edward F. Wall, Gary Hamblin, J.B. Van Hollen, Jack Lawton, Jean Nichols,

Jerry Salvo, Scott Walker, Stephen A. Herje, Thomas Pierce, Mark Gottlieb, Department of

Transportation, Department of Administration, Mike Huebsch, Cathy Stepp, Department

1

of Health Services, Stephanie Smiley and Department of Natural Resources, contending that the state Departments of Corrections, Workforce Development, Transportation, Administration, Health Services and Natural Resources engaged in practices intended to deny jobs to blacks.  Plaintiff asserted claims under the United States Constitution and the Wisconsin Constitution, as well as claiming that he had been denied public accommodations and subjected to malicious prosecution.  (Plaintiff also lists 42 U.S.C. § 1983 as a source of his claims, but that statute "is not itself a source of substantive rights; instead it is a means for vindicating federal rights conferred elsewhere."  Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997).  In this case, § 1983 provides the means by which plaintiff is asserting his claims under the United States Constitution.)

On November 7, 2013, all of the defendants removed the case to this court. Defendants Andrea Olmanson, Bob Connor, Department of Corrections, Edward F. Wall, Gary Hamblin, J.B. Van Hollen, Jack Lawton, Jean Nichols, Jerry Salvo, Scott Walker, Stephen A. Herje and Thomas Pierce chose to answer the complaint.  Defendants Department of Workforce Development, Mark Gottlieb, Department of Transportation, Department of Administration, Mike Huebsch, Cathy Stepp, Department of Health Services, Stephanie Smiley and Department of Natural Resources filed a motion to dismiss on various grounds.  That motion is before the court for decision.

Also before the court is plaintiff's motion to disqualify this court from hearing this case.  This motion will be denied, for two reasons.  First, as plaintiff knows, the Court of Appeals for the Seventh Circuit has prohibited him from filing any motions of his own unless

he meets certain conditions, "including payment of more than $5000 in costs awarded in five specified cases and a sworn affidavit from plaintiff certifying that the matters raised in the proposed matter are not frivolous." Balele v. Burnett, Case No. 96-1133 (7th Cir. Apr. 29, 1997). Second, I repeat what I have said before in two earlier cases brought by plaintiff:

> I will deny plaintiff's motion [for my recusal] because no reasonable person would perceive a significant risk that I will resolve the case on a basis other than the merits. Plaintiff essentially infers that any negative ruling against him is based on my bias rather than the merits of his case. At best, he misinterprets what I have stated in his previous hearings. At worst, his recollected gloss of my statements implies that I routinely make racist statements in open court. If that were true, other litigants would have raised the issue long ago. No one has. What plaintiff's history in the court shows is that he has filed several lawsuits for employment discrimination that have been dismissed, and these rulings have been affirmed by the court of appeals. E.g., Balele v. Klauser, Nos. 94-1117, 94-2777, 95-1137 and 95-2948 (7th Cir. Jan. 11, 1996) (upholding decision that plaintiff's qualifications resulting from his job experience in Africa were not "comparable to running a county the size and complexity and diversity of Milwaukee County"). In any case, the fact that I have ruled against plaintiff in previous cases is not a reason for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion); United States v. Slaughter, 900 F.2d 1119, 1126 n.5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial proceeding).

Balele v. Wisconsin Department of Revenue, 2013 WL 3967885, *1 (July 31, 2013) (quoting Balele v. PDQ Food Stores, Case No. 13-cv-171-bbc, dkt. #31, at 3-4 (July 15, 2013)).

## OPINION

Plaintiff contends that all of the defendants denied him equal protection and due process because of his race, in violation of the federal and state constitutions. He alleges that

defendant departments and their heads have abused their power over the years to deny blacks, and plaintiff in particular, due process, equal right to employment, equal protection and public accommodation in the form of access to public buildings and services and that they engaged in this discrimination because the administrators of those departments believe that blacks are intellectually inferior to whites and should not be hired for classified supervisory positions.

Plaintiff alleges that he has been denied not only jobs but an opportunity to view the notes and recommendations of the persons who interviewed the various candidates.  He believes that the defendant departments make offers to candidates before the interviewing process, thereby denying the listed jobs to black applicants like him.

Plaintiff seeks as relief an order requiring defendants to hire him in any one of the positions for which he applied over the last three years; back pay and benefits he would have received had he been hired; punitive damages for his pain, humiliation and suffering; his costs and fees incurred in prosecuting this case; reparation for all blacks who have been denied state government positions and promotions in the last 20 years; an order requiring the Department of Workforce Development to accept and investigate the complaints of discrimination that he and other disadvantaged persons file; and an order directing the federal government to cut the funding for the Department of Workforce Development if the department continues to refuse to accept and investigate discrimination complaints.

Plaintiff includes a claim of "malicious prosecution" in his complaint but he says nothing about this claim in the body of his complaint.  He may be referring to a petition

brought by the Department of Corrections in 2011 to enjoin him from harassment, which, according to plaintiff, was dismissed by the state court.  Cpt., dkt. #2-4 at 4-5.  Because the Department of Corrections filed an answer to plaintiff's complaint and is not one of the defendants moving to dismiss the suit, I will defer any discussion of malicious prosecution for now.

Defendants have moved to dismiss the action against them on a number of grounds. They start with the claims against the defendant state agencies, which they say cannot be maintained because state agencies are not "persons" under 42 U.S.C. § 1983 and that plaintiff may pursue a claim for money damages under § 1983 only against a "person."  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997) ("§ 1983 creates no remedy against a State"); Burks v. Wisconsin Department of Transportation, 368 F. Supp. 2d 914, 919 (W.D. Wis. 2005), aff'd, 464 F.3d 744 (7th Cir. 2006).

Defendants are correct.  Not only are state agencies not "persons" subject to suits for monetary damages under § 1983 but state officials sued in their official capacities are not either.  Will, at 71 ("suit against a state official in his or her official capacity is not a suit against the state official but rather is a suit against the official's office").

Plaintiff argues that the holding in Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613 (2002), defeats defendants' effort to escape liability under § 1983. In Lapides, the plaintiff was a university professor who sued the board of regents in state court, alleging that university officials had placed allegations of sexual harassment in his

5

personnel file.  The board removed the case to federal court, contending that it continued to enjoy Eleventh Amendment immunity after the removal.  The district court ruled against the board; the court of appeals reversed; and the Supreme Court held that the state, in the form of the board of regents, necessarily waived its right to immunity when it removed the case to federal court.  The Court said that it would be anomalous for a state to both invoke federal jurisdiction by removing a case to federal court and at the same time, claim Eleventh Amendment immunity, "thereby denying that the 'Judicial power of the United States' extends to the case at hand."  Id. at 619.  This case does not help plaintiff because the Court made it clear in Lapides that its holding applied only to state law claims and not to federal claims brought under 42 U.S.C. § 1983 seeking money damages.  "[Plaintiff's] only federal claim arises under 42 U.S.C. § 1983, that claim seeks only monetary damages, and we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."  Id. at 617 (citing Will, 491 U.S. at 66).

By itself, the holding in Lapides would not prevent plaintiff from proceeding on a state law claim against a state agency or state employees in their official capacities, but the holdings in other cases would do so.  Wisconsin state law prevents him from seeking money damages on such a claim, as I noted recently in another case brought by plaintiff, Balele v. Wisconsin Department of Revenue, 2013 WL 3967885, *5.  First, Wisconsin's constitution does not authorize suits for money damages except in the context of a takings claim.  W.H. Pugh Coal Co. v. State, 157 Wis. 2d 620, 634-35, 460 N.W.2d 787, 792-93 (1990) (allowing suit against state for money damages for alleged unconstitutional taking of property under article

1, section 13 of state constitution, which requires state to provide "just compensation" when property is taken).  Plaintiff has not alleged a taking of property.  Second, principles of sovereign immunity prohibit federal courts from enjoining state officials under state law. Balele, 2013 WL 3967885 *5 (citing Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 101 (1984)) (suit brought in federal court against state or against state officials in their official capacities is barred whether plaintiff seeks damages or injunctive relief).

Will would not prevent plaintiff from bringing § 1983 claims for money damages against state employees in their individual capacities for ongoing violations of the federal constitution or laws.  However, plaintiff has not alleged that any of the moving defendants (Gottlieb, Huebsch, Stepp or Smiley) took any actions in their individual capacities to deprive him of a federal or state right that would make them liable to him for money damages.  And, because § 1983 does not recognize supervisory liability for governmental bodies or government employees, these defendants cannot be held liable for the actions of agency employees unless they were involved personally in the same actions.  Id. at 168 (citing Monell, 436 U.S. at 692 (language of § 1983 cannot be read easily to impose liability vicariously on basis of employer-employee relationship with tortfeasor)).

Finally, plaintiff has alleged the denial of public accommodation, but he leaves this claim unexplained except to say that he has been denied access to government buildings and services because of his race.  Apparently he believes that defendant Steven Herje's refusal to accept filings can be characterized as a violation of plaintiff's right to public accommodations. If so, plaintiff has not explained the basis for his belief, although he took advantage of the

7

court's invitation to submit a surreply brief on the subject.  Dkt. #25.  Nothing in Title II of the Civil Rights Act suggests that the Act was intended to cover services from state agencies or access to those agencies.  Plaintiff does not concede this point directly but his reliance on a state case, <u>Barry v. Maple Bluff Country Club</u>, 221 Wis. 2d 707, 586 N.W.2d 182 (Ct. App. 1998), which turned on the provisions of Wisconsin's public accommodation statute, Wis. Stat. § 106.04, suggests that he found no case law holding that Title II applies to state government offices.  Plaintiff contended in his complaint that defendant Herje and the Department of Workforce Development violated Title II of the Civil Rights Act of 1964 when they refused to accept his complaints of discrimination.  He made no reference to the Wisconsin public accommodation statute in his complaint, so case law interpreting that statute is irrelevant  to his claim.  He has offered nothing to refute defendants' argument that the Act's identification of those places that the Congress considered to be places of public accommodation is narrow and specific and does not contain even a hint of an intent to cover state governmental offices.

Defendant Herje filed an answer to plaintiff's complaint.  He did not move to dismiss the complaint, so I will not rule on plaintiff's allegation of Herje's liability under the Civil Rights Act.  It should be clear to plaintiff from this opinion, however, that Herje cannot be held liable under the Act for any actions he took involving government services.   The Department of Workforce Development did move to dismiss and I will grant its motion to dismiss the complaint against it on this ground and all others alleged by plaintiff.

In addition, I will dismiss all of plaintiff's claims of violations of the federal

constitution or state law against all of the other moving defendants.

ORDER

IT IS ORDERED that plaintiff Pastori M. Balele's motion to disqualify this court from hearing his case, dkt. #17, is DENIED and the motion to dismiss, dkt. #6, filed by defendants Department of Workforce Development, Mark Gottlieb, Department of Transportation, Department of Administration, Mike Huebsch, Cathy Stepp, Department of Health Services, Stephanie Smiley and Department of Natural Resources is GRANTED and the complaint is dismissed against these defendants.

Entered this 24th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge