IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PASTORI M. BALELE,

                              Plaintiff,

    v.

ANDREA OLMANSON, BOB CONNOR,
DEPARTMENT OF CORRECTIONS,
DEPARTMENT OF WORKFORCE DEVELOPMENT,
EDWARD F. WALL, GARY HAMBLIN,
J.B. VAN HOLLEN, JACK LAWTON,                  OPINION & ORDER
JEAN NICHOLS, JERRY SALVO, SCOTT WALKER,
STEPHEN A. HERJE, THOMAS PIERCE,              13-cv-783-jdp
MARK GOTTLIEB,
DEPARTMENT OF TRANSPORTATION,
DEPARTMENT OF ADMINISTRATION,
MIKE HUEBSCH, CATHY STEPP,
DEPARTMENT OF HEALTH SERVICES,
STEPHANIE SMILEY, and
DEPARTMENT OF NATURAL RESOURCES,

                              Defendants.

---

Judgment was entered in this case on August 13, 2015. Defendants filed a bill of costs totaling $400 dollars, which was the fee to remove to this court the state court case brought by Balele. At that time, Balele stated that he "decided not to file [an] objection to Defendants' Bill of cost at this time," but suggested that the case "was not over yet" because he sought reconsideration of the dismissal, and that defendants never contended that the lawsuit was frivolous. Dkt. 82. After I denied Balele's motion to alter or amend the judgment in a January 10, 2017 order, the clerk of court taxed Balele the $400 removal fee. Dkt. 130. Balele now seeks review of the taxation of that fee. Dkt. 132.

Under Rule 54, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Popeil Bros. v. Schick Elec.*, Inc.,

516 F.2d 772, 775 (7th Cir. 1975). Counter to Balele's position, it does not matter whether the case was dismissed as frivolous. Defendants' request for the removal fee is appropriate. 28 U.S.C. § 1920(1) ("Fees of the clerk" may be taxed); *see also Lawson v. Bethesda Lutheran Communities, Inc.*, No. 1:11-CV-228, 2012 WL 6727544, at *2 (N.D. Ind. Dec. 28, 2012) (collecting cases allowing for recovery of removal fee).

Balele arguably waived his objection by not raising it during the briefing schedule set by the court. But even if I consider Balele's objections, none of them are persuasive. In particular, Balele argues that the bill of costs was already litigated in his favor at the time of the judgment, but this is incorrect; the clerk of court waited until Balele's Rule 59 motion was adjudicated before taxing the removal fee as requested by defendants. Balele says that "[a]t that time Defendants wa[i]ved removal cost; citing it was not Balele's fault." Dkt. 133, at 4. But this is unsupported by anything in the record. Defendants have maintained that Balele should be taxed this fee.

Balele also argues, "Defendants sued Balele first. Balele simply responded by suing them back in state court; and warned them not to remove the case to this Court." Dkt. 132, at 1. But Balele's litigation history with the state is irrelevant. He lost this case, and that means he is on the hook for the costs sought by defendants.

Balele says the judgment is void because the court "admitted it denied Balele's substantive due process to present his case" Dkt. 132, at 1. I take this to be a reference to the court's policy of restricting him from filing proactive motions given the filing bar under which he is operating. But this court has already made its ruling on how to handle Balele's submissions. It is not a reason to reconsider the bill of costs. At best, this is an argument more properly raised on appeal, although Balele will have to overcome his filing bar to do so.

Balele raises several other similar arguments that my substantive rulings were wrong, but this motion is not the time for Balele to reiterate his disagreement with the judgment itself. He fails to provide any persuasive reason to rethink the order taxing the removal fee.

ORDER

IT IS ORDERED that plaintiff Pastori Balele's motion to review the clerk of court's order taxing costs against him, Dkt. 132, is DENIED.

Entered February 2, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge